```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

WEBER DESIGN GROUP, INC.,

                Plaintiffs,

v.                                         Case No. 2:04-cv-483-FtM-29DNF

DEAN A. ARNOLD, DONALD L. ARNOLD, DEAN A. ARNOLD, as Trustee of a trust dated 2/20/92, DONALD L. ARNOLD, as Trustee of a trust dated 2/20/92, ROBERT STUVE, JEPPESEN BUILDING CORPORATION, MICHAEL WARREN JEPPESEN,

                Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff Weber Design Group, Inc.'s ("Weber") Motion to Dismiss Counter-Claim (Doc. #31) filed on January 25, 2005. Defendant/counter plaintiff, Robert Stuve ("Stuve") filed his Response (Doc. #32) on February 4, 2005.

**I.**

A motion to dismiss a counterclaim under Fed. R. Civ. P. 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint. Fabricant v. Sears Roebuck, 202 F.R.D. 306, 308 (S.D. Fla. 2001). In deciding a motion to dismiss, the Court must accept all factual allegations in the counterclaim as true and take them in the light most favorable to the counter-claimant. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A counterclaim should not be dismissed

unless it appears beyond doubt that the counter-claimant can prove no set of facts that would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a counterclaim must simply give fair notice of what the counter-claimant's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). However, dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of the counterclaim, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a counterclaim. Marsh, 268 F.3d at 1036 n. 16.

**II.**

Stuve's Answer, Affirmative Defenses and Counter-Claim ("Counterclaim") (Doc. #25) sets forth the following facts, which at this stage of the proceedings are assumed to be true.

Between in or around 1998 through 2004, Stuve created and is the "original owner of an original compilation of terms or data utilized in the architectural design field herein referred to as CADD Standards. . ." (Doc. #25, p. 7, ¶¶6-7). According to Stuve's counterclaim, counter-defendant "infringed said copyright

2

by advertising, designing, drawing and selling architectural plans and designs which copied and utilized largely [Stuve's] copyrighted CADD standards." (Doc. #25, p. 7, ¶10). Stuve further asserts that Weber "has incorporated into its architectural software the substantially similar CADD Standards or expressions created by [Stuve] for depicting architectural details, dimensions and annotations." (Doc. #32, p. 2).

In its motion to dismiss, Weber argues that Stuve's CADD standards are not protectable under copyright law and even if they are, Weber did not infringe. (Doc. #31) Weber argues that Stuve's allegations of infringement do not allege copying the material, but merely using and employing ideas in the material. (Id. at p. 1). The Court disagrees. In his Response, Stuve references paragraph 10 of his Counterclaim in which he stated that Weber copied his CADD Standards. (Doc. #32, p. 2). Paragraph 10 of the Counterclaim is sufficient to satisfy the notice pleading requirements of Fed. R. Civ. P. 8.

Accordingly, it is now

**ORDERED:**

Plaintiff Weber Design Group, Inc.'s Motion to Dismiss Counter-Claim (Doc. #31) is **DENIED**. Plaintiff shall file an Answer within **TEN (10) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __12th__ day of May, 2005.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

3