UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


WEBER DESIGN GROUP, INC.,

                    Plaintiffs,

v.                                    Case No. 2:04-cv-483-FtM-29DNF

DEAN A. ARNOLD, DONALD L. ARNOLD,
DEAN A. ARNOLD, as Trustee of a
trust dated 2/20/92, DONALD L.
ARNOLD, as Trustee of a trust dated
2/20/92, ROBERT STUVE, JEPPESEN
BUILDING CORPORATION, MICHAEL WARREN
JEPPESEN,

                    Defendants.
_____/


## OPINION AND ORDER

     This matter comes before the Court on defendant Donald
Arnold's Motion for Summary Judgment and memorandum of law in
support thereof (Doc. #33) filed on February 23, 2005.  Donald L.
Arnold also filed an affidavit (Doc. #35) in support of his motion.
Plaintiff Weber Design Group, Inc. ("Weber") filed its Response
(Doc. #36) on March 9, 2005.

                              I.

     Summary judgment is appropriate only when the Court is
satisfied that "there is no genuine issue as to any material fact
and that the moving party is entitled to judgment as a matter of
law."  Fed. R. Civ. P. 56(c).  An issue is "genuine" if there is
sufficient evidence such that a reasonable jury could return a
verdict for either party.  Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 248 (1986).  A fact is "material" if it may affect the outcome of the suit under governing law.  Id.  The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004).  To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).

## II.

This is an action for copyright infringement.  The following is undisputed:

Plaintiff Weber Design Group, Inc. ("Weber") created an original architectural work entitled Stock Plan G2-3666 ("Work 1") in 2000 which he registered with the Register of Copyrights[1] (Doc.

---

[1]Weber attached the certificate of registration as Exhibit B to its Amended Complaint (Doc. #8).

2

#8, p.2, ¶¶ 11-13).  Weber is the original and exclusive owner  of copyrighted Work 1.  (<u>Id</u>. at ¶¶11,14).  After Work 1 was created in 2000, a residence located at 640 18th Avenue South in Naples Florida was advertised, designed and constructed.  (<u>Id</u>. at ¶15).  Weber's Amended Complaint (Doc. #8) alleges that this residence is copied largely from Work 1 and that defendants participated in copyright infringing activities including advertising, designing and constructing at least this one infringing residence.  (¶15).

Defendant Donald L. Arnold argues that, in his individual capacity, he has neither direct nor indirect liability for the alleged copyright infringement.  Specifically, he argues that there is no evidence that he, in his individual capacity, copied the work of plaintiff.  (Doc. #33, p.1).

Plaintiff's response (Doc. #36) asserts that it has not received requested discovery and is therefore unable to respond factually.  Federal Rule of Civil Procedure 56(f)

> allows a party who has no specific material contradicting his adversary's presentation to survive a summary judgment motion if he presents valid reasons justifying his failure of proof.  A party seeking the shelter of rule 56(f) must offer an affidavit explaining to the court why he is unable to make a substantive response as is required by subsection (e). [T]he nonmovant may not simply rely on vague assertions that discovery will produce needed, but unspecified facts, but rather he must specifically demonstrate how postponement of ruling on the motion will enable him, by discover or other means, to rebut the movant's showing of the absence of a genuine issue of fact.

<u>Wallace v. Brownell Pontiac-GMP Co., Inc.</u>, 703 F.2d 525, 527 (11th

Cir. 1983)(citations and quotations omitted). *See also* <u>Reflectone,</u> <u>Inc. v. Farrand Optical Company, Inc.</u>, 862 F.2d 841, 843-844 (11th Cir. 1989) (Federal Rules of Civil Procedure 56(f) does not create a blanket prohibition on granting summary judgment motions before discovery).

The Court, in the exercise of its discretion under Federal Rule of Civil Procedure 56(f) finds, in the interests of justice, that defendant's motion should be denied.

Accordingly, it is now

**ORDERED**:

1.  Defendant's Donald L. Arnold's Motion for Summary Judgment (Doc. #33) is **DENIED.**

2.  Defendant may reassert and refile his motion after July 1, 2005 and before August 1, 2005.[2]

**DONE AND ORDERED** at Fort Myers, Florida, this ___16th___ day of May, 2005.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record

_____

[2]The Court notes that Weber incorrectly stated the deadline for discovery as January 6, 2006.  While this date was proposed by the parties in their Case Management Report (Doc. #26), the Case Management and Scheduling Order (Doc. #30) specifies a discovery deadline of July 1, 2005 and a Dispositive Motion deadline of August 1, 2005.